**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1950**

---

ABDUL WASEY KHALIQ; DEBBIE K. KHALIQ,

        Plaintiffs - Appellants,

    v.

DRAPER & GOLDBERG, P.L.L.C.; L. DARREN GOLDBERG,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:07-cv-00485-GBL)

---

Submitted: June 5, 2008        Decided: July 16, 2008

---

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Howard Robert Erwin, Jr., ERWIN LAW FIRM, PA, Baltimore, Maryland, for Appellants. Robert A. Oliveri, Jr., DRAPER & GOLDBERG, PLLC, Leesburg, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdul and Debbie Khaliq appeal the district court's order dismissing their complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o (2000), for failure to state a claim upon which relief can be granted because it was filed outside the one-year statutory limitations period set out in 15 U.S.C. § 1692k(d).

The Khaliqs filed an action against the same defendants for the same violations of the FDCPA in the United States District Court for the District of Maryland within the limitations period, on September 5, 2006. That action was transferred to the United States District Court for the Eastern District of Virginia on March 20, 2007, and assigned case number 1:07-cv-275. The Eastern District of Virginia dismissed that case for failure to timely perfect service of process, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, on May 16, 2007, the same day the Khaliqs filed their complaint in the instant case.

The Khaliqs argue that the pendency of another suit in federal court involving the same claims and parties tolls the statute of limitations when the prior suit is involuntarily dismissed. They contend that the defendants have not been prejudiced by the delay and the purpose of the limitations period will not be frustrated if their suit is allowed to proceed. They argue that they should be permitted to refile their complaint

because their prior complaint was dismissed without prejudice pursuant to Rule 4(m), regardless of whether their complaint was refiled outside the limitations period.

We review de novo a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted. Mayes v. Rappoport, 198 F.3d 457, 460 (4th Cir. 1999). FDCPA actions must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (2000). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

We hold that the district court correctly granted the defendants' motion to dismiss the Khaliqs' complaint as barred by the FDCPA's statute of limitations. The Rule 4(m) dismissal of the Khaliqs' prior complaint by the Eastern District was based upon a longstanding federal rule of procedure and the district court's finding that the Khaliqs did not show good cause for their delay in perfecting service of process. Plaintiffs who cannot successfully challenge a Rule 4(m) dismissal by showing good cause for their delay should not be allowed to avoid the consequence of that

dismissal and the statute of limitations by simply filing a new complaint immediately.

For the reasons stated above, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED